**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 15-cv-02372-CMA-KMT

PETE GARCIA,

    Plaintiff,

v.

ENSIGN UNITED STATES DRILLING INC.,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

This matter is before the Court on Defendant Ensign United States Drilling, Inc.'s (Ensign) Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56, in which Ensign contends that Plaintiff Pete Garcia presents no genuine dispute as to any material fact related to his age discrimination claim under the Age Discrimination in Employment Act (ADEA). (Doc. # 31.)   For the following reasons, the Court denies the motion.

    **I.**    **BACKGROUND**

The following facts are undisputed.

Mr. Garcia began working for Ensign in 2000 and spent most of his tenure there working as a derrickhand on Ensign drilling rigs. (Doc. # 31 at ¶¶ 1–2.)  In June 2012, Mr. Garcia requested a transfer from Ensign Rig No. 161 in North Dakota to Ensign Rig No. 17 in Limon, Colorado. (*Id.* at ¶¶ 6–7.)  At the time, the only position open on Rig No 17 was an entry-level floorhand position. (*Id.* at ¶ 10.)  The "Driller" on Rig No. 17 was Jeff Harrington, and the Senior Rig Manager (Mr. Harrington's direct supervisor)

1

was Ron Gentry. (*Id.* at ¶¶ 8, 12, 14.) Mr. Harrington interviewed Mr. Garcia for the open floorhand position, and with Mr. Gentry's approval and recommendation, Mr. Harrington hired Mr. Garcia at the time of the interview. (*Id.* at ¶¶ 17, 19, 20.)

In October 2012, after about four months working as a floorhand, Ensign terminated Mr. Garcia from his position. (Doc. #31, Appx. at 12.) Mr. Garcia was fifty-seven years old at the time. (Doc. # 32 at ¶ 5.) On October 26, 2015, Mr. Garcia initiated this suit against Ensign, alleging that his termination violated the ADEA. (Doc. # 1.)

On September 1, 2016, Ensign filed the instant motion for summary judgment (Doc. # 31), contending that Mr. Garcia cannot demonstrate genuinely disputed issues of material fact with regard to the legality of his termination. Ensign specifically argues that, even if age played a factor in Mr. Garcia's termination, it was not the "but-for cause" and Mr. Garcia cannot present undisputed evidence suggesting otherwise. In his response (Doc. # 32), Mr. Garcia argues the contrary position—that summary judgment is unwarranted because direct and circumstantial evidence sufficiently demonstrate a genuine dispute over issues of material fact regarding whether age was the determinative factor in his termination.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact and that it is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)

(citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A fact is material if, under the applicable substantive law, it is essential to the proper disposition of the claim. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of fact is genuine if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. *Id.* (citing *Anderson*, 477 U.S. at 248).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Id.* at 670-71. Once the movant has met this initial burden, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmoving. *Adler*, 144 F.3d at 671. To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein. *Id.*

### III. LAW GOVERNING ADEA CLAIMS ON SUMMARY JUDGMENT

As mentioned, Mr. Garcia brings one claim for relief—discrimination under the ADEA, which prohibits an employer from terminating an employee "because of such individual's age." See 29 U.S.C. § 623(a)(1). The ADEA enables employers to exercise "sound business judgment in personnel matters[; they] may discipline and terminate at will employees for any reason, so long as such termination is not unlawful." *Kosak v.*

*Catholic Health Initiatives of Colo.*, No. 08-cv-01505, 2009 WL 3497782, at *4 (D. Colo. Oct. 28, 2009) (unpublished).

To prevail on a claim under the ADEA, a plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial) that age was the "'but-for' cause of the employer's adverse decision." *Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167, 176–78 (2009); *Riggs v. AirTran Airways, Inc.*, 497 F.3d 1108, 1114 (10th Cir. 2007). The "but for" causal standard does "not require[ ] [plaintiffs] to show that age was the sole motivating factor in the employment decision." *Jones v. Oklahoma City Pub. Sch.*, 617 F.3d 1273, 1277–78 (10th Cir. 2010) (quoting *Wilkerson v. Shinseki*, 606 F.3d 1256, 1266 (10th Cir. 2010)). Instead, an employer may be held liable under the ADEA if other factors contributed to its taking an adverse action, as long as "age was the factor that made a difference." *Id.* (quoting *Wilkerson*, 606 F.3d at 1266); *accord Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993) (requiring an ADEA plaintiff to show that age had a "determinative influence on the outcome" of her employer's decision-making process).

In cases of circumstantial evidence, "plaintiffs may use the *McDonnell Douglas* . . . analysis to prove age discrimination under the ADEA." *Jones*, 617 F.3d at 1278; *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that analysis, a plaintiff bears the initial burden of setting forth a prima facie case that: "1) [he] is a member of the class protected by the [ADEA]; 2) [he] suffered an adverse employment action; 3) [he] was qualified for the position at issue; and 4) [h]e was treated less favorably than others not in the protected class." *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 531 (10th Cir. 1998). Throughout the analysis, "[t]he plaintiff ... carries the full

4

burden of persuasion to show that the defendant discriminated on [an] illegal basis." *Id.* (quoting *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1125 (10th Cir. 2005)).

If plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for taking the adverse employment action. *Jones*, 617 F.3d at 1278; *Pippin v. Burlington Resources Oil & Gas Co.*, 440 F.3d 1186, 1193 (10th Cir. 2006). If the defendant offers a legitimate, nondiscriminatory reason for its actions, summary judgment against plaintiff is warranted unless he shows that here is a genuine issue of fact as to whether defendant's reason is pretextual. *Pippin*, 440 F.3d at 1193. "Once a plaintiff presents evidence sufficient to create a genuine factual dispute regarding the veracity of a defendant's nondiscriminatory reason, [the Court] presume[s] the jury could infer that the employer acted for a discriminatory reason and must deny summary judgment." *Bryant*, 432 F.3d at 1126; *Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 148 (2000)) ("[A] plaintiff's prima facie case [of age discrimination] combined with sufficient evidence to find that the employer's asserted justification is false" will defeat summary judgment.").

A plaintiff produces sufficient evidence of pretext when she shows "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1308 (10th Cir. 2005).

### IV.    ANALYSIS

5

In the instant case, the parties' dispute lies in the third step of the *McDonnell Douglas* analysis—whether Mr. Garcia was qualified for the position at issue.

Ensign argues that Mr. Garcia was not so qualified and that his unsatisfactory work performance, i.e. Mr. Garcia's failure to meet the "high expectations" of the job resulting in safety issues (Doc. # 31 at 9–12), was the "but-for" cause of his termination, not his age. In support, Ensign highlights evidence of Mr. Harrington's and Mr. Gentry's personal observations of Mr. Garcia's work, including their deposition testimony that he "had difficulty" performing the job tasks, needed "significant assistance," did not have the "physical strength" required for the job, and was "disoriented" and "not focused" at work. (*Id.* at 10–11; Doc. # 31-1 at 23, 26–27, 38–39.) Mr. Harrington also stated in deposition that he received complaints that Mr. Garcia was not effective at operating the "slips"—a piece of equipment used in the drilling process. (*Id.* at ¶¶ 36–37; Doc. # 31-1. at 78.) Mr. Harrington and Mr. Gentry added that they observed Mr. Garcia having difficulty running the "Hawkjaw"—"a major component of a floorhand's job." (*Id.* at ¶¶ 31–35; Doc. # 31-1 at 21–22, 38–39.)

Mr. Garcia, however, presents contrary evidence, which demonstrates, he contends, that he was qualified for the job and performed it adequately but was fired for his age. See *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1193 (10th Cir. 2000) ("At the prima facie stage of the *McDonnell Douglas* analysis, a plaintiff is only required to raise an inference of discrimination, not dispel the non-discriminatory reasons subsequently proffered by the defendant.). Mr. Garcia also contends that this evidence sufficiently demonstrates pretext. For example, Mr. Garcia highlights the following evidence raising an inference of discrimination and showing "weaknesses,

6

implausibilities, inconsistencies, incoherencies, or contradictions," *Jaramillo*, 427 F.3d at 1308, in Ensign's proffered legitimate reasons for its action:

- Mr. Garcia's deposition testimony that when Mr. Harrington fired him, Mr. Harrington told him that he thought he was younger and stated, "I'm letting you go because you don't meet my high expectations *and because of your age*." (Doc. # 32-1 at 20–21.)

- An affidavit of Oscar Portales, Mr. Garcia's coworker, stating, among other things, that Mr. Garcia "was a good hand"; he had "no recollection" of Mr. Garcia being unable to complete his assigned tasks; he "never saw anyone" step in and help Mr. Garcia; Mr. Garcia did not do "anything too slowly or slow anyone down"; and Mr. Harrington "saw [Mr. Garcia] getting his work done." (*Id.* at 54.)

- Mr. Portales statement in his affidavit that, when Mr. Gentry hired him, he mentioned that Mr. Portales was replacing an individual that was too old and too weak. (*Id.*)

- Mr. Gentry's deposition testimony that he had no concerns about Mr. Garcia's physical aptitude or ability to physically perform his job and that no one had expressed any concerns to him, other than Mr. Harrington, about Mr. Garcia's work performance. (*Id.* at 31.)

- Mr. Gentry's deposition testimony where he quoted various portions of the floorhand job description that he believed Mr. Garcia could perform well, including: "Works in a safe, healthy, and environmentally protective manner."; "Works as a team member with the rest of the rig crew, at a high level of

7

efficiency during trips & other team efforts."; "Demonstrates responsibility to avoid adversely affecting the health and safety of others through any act or omission."; "Avoids injury resulting from manual handling tasks, by use of risk assessment, correct mechanical handling equipment and correct manual handling techniques."; "Works in a manner that ensures personal safety and the safety of fellow crew members."; etc. (*Id.* at 34.)

- Deposition testimony by Ensign human resources personnel that Mr. Garcia's entire personnel file, which includes "all performance records," is devoid of any performance or safety issues on Rig No. 17, other than in the final termination paperwork. (*Id.* at 14.) Further testimony that Ensign requires the reporting of all "incidents that occur on the rig to minimize potential future incidents" and that supervisors, such as Mr. Harrington, are required to report any "at-risk behaviors." (*Id.* at 5, 12, 57.)

The Court finds that this evidence is sufficient to raise an inference of discrimination and create a genuine factual dispute regarding the veracity of Ensign's nondiscriminatory reason for terminating Mr. Garcia. *See Bryant*, 432 F. 3d at 1125. In other words, viewed in the light most favorable to Mr. Garcia, the evidence supports that a reasonable jury might find that Ensign acted with discrimination, particularly considering that some of Mr. Garcia's evidence is direct evidence. *See Power v. Koss Const. Co.*, 499 F. Supp. 2d 1194, 1201 (D. Kan. 2007) ("Plaintiff may demonstrate defendant's discriminatory motive, and therefore defeat summary judgment, by presenting direct evidence of defendant's discriminatory intent."); *see also Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1225 (10th Cir. 2000) (direct evidence can

be "oral or written statements on the part of a defendant showing a discriminatory motivation."). To conclude otherwise would require the Court to weigh the credibility of the parties' witnesses, and the Court cannot, at the summary judgment stage, engage in such an analysis, except, of course, to the extent that the Court favorably views Mr. Garcia's contentions. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (credibility determinations must be left for the jury); *Fogarty v. Gallegos*, 523 F.3d 1147, 1165–66 (10th Cir. 2008) (same); *Seamons v. Snow*, 206 F.3d 1021, 1026 (10th Cir. 2000) (same).

Moreover, that the jury might find against Mr. Garcia does not warrant granting summary judgment. The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact *because they may reasonably be resolved in favor of either party*." *Anderson*, 477 U.S. at 250 (emphasis added). In other words, the Court need only find the existence of a genuine dispute as to material facts, i.e. genuine issues for trial. *Id.* Because the Court has so found, the Court must deny summary judgment.

In so concluding, the Court reject Ensign's arguments that (1) if undisputed facts show that Ensign had two motives for termination, Garcia cannot prevail on his age discrimination claim and summary judgment must enter; and (2) the same actor inference applies here to require judgment in Ensign's favor as a matter of law.

First, Tenth Circuit precedent makes clear that a plaintiff need not demonstrate that age was the "sole" cause of the adverse employment action. *Jones*, 617 F.3d at 1277–78 (quoting *Wilkerson v. Shinseki*, 606 F.3d 1256, 1266 (10th Cir. 2010)). In cases where the employer has mixed motives for termination, the plaintiff need only

9

show that age was the factor that "made a difference," *id.*, not that the other, nondiscriminatory factor played no role at all.

The Court acknowledges that there may "be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory." *Reeves*, 530 U.S. at 148.  For example, an employer would be entitled to summary judgment "if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue *and there was abundant and uncontroverted independent evidence that no discrimination had occurred*." *Id*. (emphasis added).  This is not such a case.  The evidence presented here does not conclusively reveal that Ensign's nondiscriminatory reason indisputably prevailed over the discriminatory one, nor does there exist "abundant and uncontroverted independent evidence that no discrimination occurred." *Id*.  Indeed, Mr. Garcia has submitted sufficient evidence to the contrary—evidence that could permit a rational trier of fact to resolve the case in his favor.

Second, the same actor inference is insufficient, standing alone, to warrant summary judgment in this case.  That doctrine provides that, when "the employee was hired and fired by the same person within a relatively short time span," there is "a strong inference that the employer's stated reason for acting against the employee is not pretextual." *Antonio v. Sygma Network, Inc.*, 458 F.3d 1177, 1183 (10th Cir. 2006).  Defendants argue that the same actor inference applies here because Mr. Harrington and Mr. Gentry hired Mr. Garcia and then jointly terminated his employment

approximately four months later.  (Doc. # 31 at 9–10.)  Ensign argues that this evidence "negates an inference of age discrimination" all together.  (*Id.*)

Assuming that the same actor inference applies in this case, same actor evidence does not, as Ensign suggests, negate an inference of age discrimination, and it is not determinative on a summary judgment motion.  Although same actor evidence can create an inference that no discriminatory animus motivated the employer's actions, that is not the same as creating a *presumption*.  *Antonio*, 458 F.3d at 1183 (emphasis added).  "The plaintiff still has the opportunity to present countervailing evidence of pretext."  *Id*.  As the Court has already concluded, Mr. Garcia has presented sufficient countervailing evidence of discrimination to defeat summary judgment.  Viewing that evidence in the light most favorable to him, Ensign's presentation of same actor evidence does not persuade the Court otherwise.

Accordingly, because genuine disputes exist as to material facts in this case, the case is better left for the jury to decide and Ensign is not entitled to a judgment as a matter of law.

## V.  CONCLUSION

The Court therefore ORDERS that Defendant's Motion for Summary Judgment (Doc. # 31) is DENIED.

DATED: December 29, 2016                    BY THE COURT:

*Christine M. Arguello*

CHRISTINE M. ARGUELLO
United States District Judge